IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NICHOLAS SCOTT WERLING,

                Plaintiff,

  v.                                                 OPINION and ORDER

DANIEL P. HEFTY, BRANDON D. HURLEY,        24-cv-641-jdp
and YELENA OLEGOVNA-ZARWELL,

                Defendants.

---

Plaintiff Nicholas Scott Werling, proceeding without counsel, alleges that government officials disclosed his confidential records from a Wisconsin civil commitment proceeding. I granted Werling leave to proceed on claims under the Fourteeenth Amendment to the United States Constitution and Wisconsin Statutes Chapter 51.

Each defendant—Fort Atkinson Police Department Detective Daniel Hefty, Jefferson County Assistant Corporation Counsel Yelena Zarwell, and West Allis Police Department Detective Brandon Hurley—has filed a motion to dismiss Werling's claims. Dkt. 23; Dkt. 28; Dkt. 33. I will grant each of those motions because defendants are entitled to qualified immunity on Werling's Fourteenth Amendment claims. I will relinquish jurisdiction over Werling's state-law claims.

BACKGROUND

The following facts are drawn from the allegations in Werling's complaint, Dkt. 1, and the police incident report and supporting documents submitted by defendant Hefty, Dkt. 25-1, that Werling refers to in his complaint. I may consider these additional documents for purposes of deciding defendants' motions to dismiss. *See Williams v. Curran*, 714 F.3d 432, 436 (7th Cir.

2013) (On a motion to dismiss, "a court may consider, in addition to the allegations set forth in the complaint itself . . . documents that are central to the complaint and are referred to in it"). Also, Werling's state-court proceedings are a proper subject of judicial notice and I may consider them on a motion to dismiss. *See Opoka v. INS*, 94 F.3d 392, 395 (7th Cir. 1996).

In 2016, Werling was civilly committed in Wisconsin Statutes Chapter 51 proceedings in Jefferson County; the court's order stated that Werling was prohibited from possessing a firearm even after the 12-month commitment ended. Dkt. 25-1, at 17–18.

In 2021, law enforcement investigated Werling regarding a potential violation of the court order barring him from possessing a firearm: Werling had posted on Instagram a photo of a paper target with bullet homes from a shooting range in West Allis, along with a messages stating "'10/20 i did ight'" and "'50% accuracy compared to adam lanza's 5.27% accuracy im kinda a.'" *Id.* at 14. Adam Lanza was the perpetrator of the Sandy Hook Elementary School shooting in 2012. *Id.* Individuals from various law enforcement agencies and other governmental entities were included in the investigation, including defendants Hefty and Hurley. Hefty's report states that the Fort Atkinson police had previously had multiple contacts with Werling, including a 2017 referral for terroristic threats made toward school district officials and a 2021 incident resulting in the school district issuing a no-trespass notice against Werling. The FBI intercepted a letter sent by Werling to the perpetrator of 2019 mass shootings in Christchurch, New Zealand. Werling's case manager stated that Werling had said that he had an arrangement to buy an AR-15 rifle and an AR-15 pistol. Hefty drafted and executed a search warrant for Werling's family's home in which he recovered gun parts and during which Werling's mother told him that Werling had fired an AR-15 at the shooting range.

Jefferson County Social Services issued an order of emergency detention, and Werling was detained. Werling was charged with possession of a firearm as the subject of a commitment order. That criminal case is still pending. *See State v. Werling*, Milwaukee County Case No. 2022CF2289.

In his complaint, Werling refers to the West Allis police's incident report, which incorporates the Fort Atkinson police's report and the 2016 Jefferson County Circuit Court order committing Werling and barring him from possessing firearms. Werling alleges that defendant Zarwell, a lawyer in the Jefferson County Corporation Counsel's Office, shared Werling's confidential records from those Chapter 51 proceedings with defendant Hefty, who shared the records with defendant Hurley, who shared the records with the Milwaukee County District Attorney's Office.

## ANALYSIS

**A.  Fourteenth Amendment claims**

I granted Werling leave to proceed on claims that defendants violated his privacy rights under the Fourteenth Amendment by disclosing and sharing his confidential Chapter 51 records. Courts have articulated a constitutional right to specific types of informational privacy under the Due Process Clause of Fourteenth Amendment, such as for certain medical or financial information. *See, e.g., Whalen v. Roe*, 429 U.S. 589, 599–600 (1977); *Coffman v. Indianapolis Fire Dep't*, 578 F.3d 559, 566 (7th Cir. 2009) ("in our circuit, this interest includes a 'qualified' constitutional right to the confidentiality of medical records and communications.").

3

Defendants assert that the only sensitive information they disclosed was the 2016 Jefferson County Circuit Court order, because that was the only Chapter 51 record included in the police report mentioned by Werling in his complaint. And they argue in part that the order itself allowed for disclosure: it states, "This order may also be shared with any law enforcement agency which has possession of firearms owned by subject." Dkt. 25-1, at 18. Werling counters that law enforcement didn't possess firearms that he owned, which I will credit because his allegations and the police reports appear to show that Werling used a firearm owned by the shooting range and the police recovered only gun parts from his home. And I cannot say for certain that Werling means to allege that the only Chapter 51 information shared among defendants was the court order.

Defendants raise a number of additional defenses in their motions to dismiss, but I need not discuss each theory because I conclude that qualified immunity resolves these claims. Under the doctrine of qualified immunity, a plaintiff may not obtain damages for a constitutional violation against a public official unless the plaintiff shows that the official violated clearly established law. *Abbott v. Sangamon County, Ill.*, 705 F.3d 706, 725 (7th Cir. 2013). A clearly established right is one that is sufficiently clear such "that every reasonable official would have understood that what he is doing violates that right." *Reichle v. Howards*, 566 U.S. 658, 664 (2012). Law is "clearly established" only if it is found in Supreme Court precedent, controlling circuit authority, or "a consensus of persuasive authority such that a reasonable officer could not have believed that his actions were lawful." *Wilson v. Layne*, 526 U.S. 603, 617 (1999). In other words, "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

A court may not usually dismiss a complaint on a Rule 12(b)(6) motion relying on an affirmative defense such as qualified immunity, but it may if the complaint and matters subject to judicial notice clearly show that "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *McMath v. City of Gary, Ind.*, 976 F.2d 1026, 1031 (7th Cir. 1992); *see also Ewell v. Toney*, 853 F.3d 911, 919–20 (7th Cir. 2017) (affirming a Rule 12(b)(6) dismissal on qualified immunity ground).

In screening Werling's complaint, I noted that "[t]he scope of constitutional privacy rights is not fully developed." Dkt. 4, at 2. And in any event, the right is not absolute: sensitive information may be shared if there is "proof of a strong public interest in access to or dissemination of the information." *Wolfe v. Schaefer*, 619 F.3d 782, 785 (7th Cir. 2010). The police reports here demonstrate a strong public interest in enforcing the circuit court's firearm ban, particularly given Werling's mental-health history and apparent fascination with mass shootings and their perpetrators. Werling bears the burden of demonstrating that his rights were clearly established to overcome qualified immunity, *Hernandez ex rel. Hernandez v. Foster*, 657 F.3d 463, 473 (7th Cir. 2011), and he fails to do so. He cites various authorities stating the general right to privacy, and he attempts to distinguish cases cited by defendants supporting their qualified immunity argument. *See, e.g.*, *Doe 1 v. Musselman*, No. 1:23-CV-01035, 2025 WL 1247685, at *6 (C.D. Ill. Mar. 5, 2025) (dismissing claim regarding nude photos that were subject of ongoing investigation); *Mucha v. City of Milwaukee Employees' Ret. Sys.*, No. 14-C-0303, 2015 WL 13763778, at *4 (E.D. Wis. Oct. 29, 2015) (dismissing claim regarding psychological report shared with police). My survey of the authorities cited by the parties, as well as my own research, only reinforces my previous assessment that the scope of privacy rights is not fully developed. There is no clearly established privacy right regarding the disclosure of Werling's

5

Chapter 51 records in conjunction with a police investigation into his violation of a Chapter 51 order. So I conclude that defendants are entitled to qualified immunity on Werling's Fourteenth Amendment claims, and I will grant their motions to dismiss those claims.

**B. State-law claims**

Werling also brings claims against defendants under Wis. Stat. § 51.30(9)(a) for violating the confidentiality provisions of Chapter 51. The court has supplemental jurisdiction over those claims under 28 U.S.C. § 1367(a), which permits a federal district court to hear a state-law claim if it is related to a federal claim in the same action. Werling doesn't allege any other basis for federal jurisdiction over the state-law claims, nor could he assert diversity jurisdiction because he alleges that he and at least defendant Hefty are both Wisconsin citizens (he doesn't allege the citizenship of the other defendants). Absent unusual circumstances, district courts will relinquish supplemental jurisdiction over state-law claims if all federal claims have been resolved before trial. *Coleman v. City of Peoria, Illinois*, 925 F.3d 336, 352 (7th Cir. 2019). Neither party identifies any unusual circumstances that would justify retaining jurisdiction over Werling's state-law claims. I will decline to exercise subject matter jurisdiction over these claims.

Werling may refile those claims in state court, subject to the applicable Wisconsin statute of limitations. Those limitations periods have been tolled while this case has been pending, but they will begin again 30 days from now. See 28 U.S.C. § 1367(d) ("The period of limitations for any claim asserted under [the court's supplemental jurisdiction] . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.").

## C. Motions to seal

The parties have filed multiple motions to seal various filings submitted by defendants, including the police reports at issue in this case. Dkt. 22; Dkt. 35; Dkt. 36. I will grant those motions in part; Werling notes that defendants failed to redact certain personal identifiers under Federal Rule of Civil Procedure Rule 5.2(a). Defendant Hefty seeks to keep sealed his brief in support of his motion to dismiss. I will deny that portion of his motion because once Werling brought this lawsuit, the parties' filings are presumptively part of the public record. *See, e.g., Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545–46 (7th Cir. 2002).

## ORDER

IT IS ORDERED that:

1. Defendants' motions to dismiss, Dkt. 23; Dkt. 28; Dkt. 33, are GRANTED with respect to plaintiff's federal-law claims.

2. Plaintiff's state-law claims are DISMISSED without prejudice under 28 U.S.C. § 1367(c)(3).

3. The parties' motions to seal, Dkt. 22; Dkt. 35; Dkt. 36, are GRANTED in part. The clerk of court is directed to seal Dkt. 33-1 and unseal Dkt. 24.

4. The clerk of court is directed to enter judgment accordingly and close the case.

Entered August 15, 2025.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge